# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRADFORD CRAIG DEAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-892 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court are Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] and his motion to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action [Doc. #2].

Specifically, the motion to hold this case in abeyance states that on May 20, 2016, Petitioner filed a petition in the Eighth Circuit Court of Appeals asking permission to file a second petition under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2)(A), in which to raise a claim that relies on Johnson v. United States, 135 S.Ct. 2551 (2015), a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. The Eighth Circuit has not yet ruled on this request in Dean v. United States, Case No. 16-2297 (8th Cir. 2016).

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When a second or successive habeas petition is filed in a District Court without the authorization of the Court of Appeals, the Court should dismiss it, or, in its discretion and in the interests of justice, transfer the motion to the Court of Appeals. Boyd v. U.S., 304 F.3d 813, 814 (8th Cir. 2002).[1]

Because Petitioner has already filed an action with the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on Johnson, this Court will not transfer the instant action, but rather, will dismiss it without prejudice to refiling if, and when, movant obtains permission to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on Petitioner's petition to file a successive habeas action [Doc. #2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate is **DENIED**, without prejudice, because Petitioner has not yet obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

---

[1] The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. Burton v. Stewart, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. Nat'l Enterprises, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2016.